ON REHEARING
|2PER CURIAM.
We grant the motion for rehearing filed by the defendants-appellees, Don Calongne, Charles Chauvin, II, and State Farm Fire and Casualty Company, on the limited issue of the fault of Scott Rogers. In their application for rehearing, the defendants-appel-lees contend that this court must evaluate Rogers’ fault under La.C.CJ?. art. 2133 A. This article states that a party who does not seek modification, revision or reversal of a judgment in an appellate court may assert in support of the judgment any argument supported by the record although he has not appealed, answered the appeal or applied for supervisory writs.
In this case, the trial court cast the driver with all the fault, thereby finding that the defendants-appellees were not at fault. The contention that Rogers was at fault would support the judgment finding no fault on the part of the defendants-appellees. Therefore, we have reconsidered our statement in our original opinion that we need not address this issue, and have determined that we must consider this contention. See Succession of Doll v. Doll, 593 So.2d 1239 (La.1992); Diefenthal v. Longue Vue Management Corp., 561 So.2d 44 (La.1990).
The defendants-appellees have the burden of proving that Rogers was at fault. Molbert v. Toepfer, 550 So.2d 183 (La.1989). A guest passenger in an automobile has no duty to supervise the driver. Adams v. Security Insurance Co. of Hartford, 543 So.2d 480 (La.1989). If alcohol-induced impairment of the driver is a substantial cause of the driver’s negligence and if the guest passenger knows or should have known of the driver’s impaired condition and nevertheless voluntarily rides with him, the guest passenger may be found comparatively negligent or at fault. Molbert v. Toepfer, 550 So.2d 183 (La.1989). The evidence presented by the defendants-appellees does not establish by a preponderance of the evidence that Daigle’s condition was noticeably impaired such that Rogers knew or should have known that Daigle was intoxicated to such a degree that his driving ability was likely to be impaired. ^Therefore, we find no support for any assessment of fault to Rogers under these principles.
For the reasons expressed in our original opinion, with the exception stated above, the decree which we rendered in our original opinion is reinstated.
ORIGINAL DECREE REINSTATED.